THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JAMES HOUSE, R43611, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 22-cv-2316-GCS |
| | ) |
| ANTHONY WILLS, | ) |
| JOSHUA A. SCHOENBECK | ) |
| ANTHONY B. JONES, | ) |
| COREY M. LAUER, | ) |
| DR. MEYERS, | ) |
| IDOC. | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff James House, an inmate of the Illinois Department of Corrections ("IDOC"), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights at Menard Correctional Center ("Menard"), though he is now housed at Pinckneyville Correctional Center. (Doc. 1). Plaintiff claims that the Defendants violated his due process rights by denying him the opportunity to present a witness at a prison disciplinary hearing. He further alleges that the Defendants failed to provide him with adequate follow-up care after a hernia surgery, despite explicit recommendations from the hospital upon discharge.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## THE COMPLAINT

Plaintiff claims that on February 21, 2022, he was charged with a disciplinary offense based on allegations that he was making weapons out of a metal shelf in his cell. He had witnesses willing and able to testify that the damage to the shelf pre-dated his tenure in the cell, but Defendants Schoenbeck and Jones never actually sought information from his witnesses despite assurances that they would contact them. As a result, Plaintiff was found guilty and received two months in segregation and two months of C-grade (which included phone and visitor restrictions). After Plaintiff was released from segregation, one of his witnesses gave Plaintiff a sworn affidavit that stated he was never interviewed and that he would have vouched for Plaintiff. Plaintiff alleges he has suffered wrongfully on behalf of IDOC staff.

---

[1] The Court has jurisdiction to resolve Plaintiff's motions and to screen his Complaint in light of his consent to the full jurisdiction of a magistrate judge and the Illinois Department of Corrections's and Wexford's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandums of Understanding between the Illinois Department of Corrections and Wexford and this Court.

Plaintiff also alleges that after ten years of complaining about a hernia, he finally received surgery on an unspecified date. (Doc. 1, p. 7). Based on his post-surgery recovery, the hospital indicated that he should be placed on 24-hour observation upon return, and he should be provided with breathing exercises. Plaintiff alleges that Dr. Meyers rejected these directions and returned Plaintiff to segregation because the medical unit apparently did not have appropriate housing available for a segregation inmate. Plaintiff was forced to walk a city block and four flights of stairs in excruciating pain. *Id.* at p. 7-8.

The following day, April 5, 2022, Plaintiff and fellow inmates screamed for assistance because he was in extreme pain. (Doc. 1, p. 8). He was eventually provided Ibuprofen, which did not help. Later that day he was taken to the healthcare unit where a nurse practitioner ordered five days of stronger pain medication. He did not receive the medication on April 6 or 7 because it was out of stock.

Plaintiff claims that if he had not been in segregation for a wrongful disciplinary ticket, he would not have been forced to forgo adequate medical care. He further alleges that Wexford and IDOC are responsible for their employees who forced him to walk up and down stairs. He adds that the conditions of segregation were unacceptable with mold on the walls, and rodents and cockroaches roaming about. (Doc. 1, p. 8-9).

Based on the allegations in the Complaint, the court designates the following Counts:

> **Claim 1:** Due Process claim against Schoenbeck and Jones for inability to call a witness at a prison disciplinary proceeding;

**Claim 2:** Eighth Amendment deliberate indifference claim against Dr. Meyers for denying post-surgical care.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)(noting that an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

### PRELIMINARY DISMISSALS

Plaintiff named Anthony Wills and Corey M. Lauer as Defendants, but other than generic assertions, he does not make factual allegations about these individuals. To state a valid § 1983 claim, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995). An allegation that either of these Defendants is responsible solely because they oversaw the facility is insufficient because there is no respondeat superior liability under Section 1983. *See Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Accordingly, any claims against Defendants Wills and Lauer are dismissed as insufficiently pled.

Plaintiff also named the IDOC as a Defendant, and he generically alleged IDOC should be held responsible for the actions of its employees. Section 1983 provides a cause of action for the deprivation of constitutional rights by persons acting under color of state law. *See Torres v. Madrid*, 141 S.Ct. 989, 994 (2021). "The Eleventh Amendment grants

states immunity from private suits in federal courts without their consent. An agency of the state receives this same immunity." *Nunez v. Ind. Dep't of Child Servs.*, 817 F.3d 1042, 1044 (7th Cir. 2016); *de Lima Silva v. Dep't of Corrections*, 917 F.3d 546, 565 (7th Cir. 2019). Therefore, Plaintiff cannot maintain a claim against the IDOC.

Plaintiff alleges that Wexford should be held responsible for the actions of its employees, but the claim fails because a corporate medical provider cannot be held liable via a theory of respondeat superior for the acts of its employees. *See Shields v. Illinois Dept. of Corrections*, 746 F.3d 782, 789 (7th Cir. 2014).

## DISCUSSION

In support of Claim 1, Plaintiff alleges that his due process rights were violated because he was not allowed to call a witness at his disciplinary proceedings, despite timely attempts to do so. To state a procedural due process claim under the Fourteenth Amendment, a plaintiff must sufficiently allege that the state deprived him of a constitutionally protected interest in "life, liberty, or property" without due process of law. *Zinermon v. Burch*, 494 U.S. 113, 125 (1990). A court analyzing a due process claim in the context of prison disciplinary hearings must consider: (1) whether there was a protected interest at stake that necessitated due process protections; and (2) whether the disciplinary hearing was conducted in accordance with procedural due process requirements. *Id.*

As pled, Plaintiff has not identified a deprivation of a life, liberty, or property interest, thus there was not a protected liberty interest at stake. Generally, the only form of punishment from prison disciplinary proceedings that invokes due process is the loss

of good time credits. *See, e.g.*, *Antoine v. Uchtman*, No. 07-2691, 275 Fed. Appx. 539, 541 (7th Cir. Apr. 29, 2008)(noting that a month's segregation, loss of commissary privileges, and loss of prison employment affect neither a liberty nor a property interest); *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005)(indicating that a demotion in status, segregation, and transfer do not raise due process concerns)(citing *Thomas v. Ramos*, 130 F.3d 754, 761-762 & n.8 (7th Cir. 1997)(noting that temporary segregation and demotion to C-grade status do not violate due process). Plaintiff alleges only that he received two months of segregation, and of C-grade status. The demotion in status and the restricted privileges are not due process violations. *See Thomas*, 130 F.3d at 761-762; *Antoine*, 275 Fed. Appx. at 541. Plaintiff's factual allegations do not show that there was a protected interest at stake for which he was not afforded due process. Therefore, Plaintiff has not adequately pled a due process claim.

Plaintiff alleges in Claim 2 that Dr. Meyers was deliberately indifferent to his medical needs when he refused to keep Plaintiff in the medical unit for a 24-hour observation period; Dr. Meyers also did not arrange for the suggested breathing exercises. Both directions were apparently given because after his surgical procedure, Plaintiff stopped breathing on his own for approximately 20 minutes. Failure to follow post-operative instructions can amount to deliberate indifference, and Plaintiff alleges that Dr. Meyers knowingly ignored the directions, so his allegations are sufficient to state a claim. *See, e.g.*, *Gil v. Reed*, 381 F.3d 649, 663-664 (7th Cir. 2004)(noting that a physician who disregarded surgeon's post-operative instructions could be found deliberately indifferent). However, to the extent that Plaintiff alleges in the following days that other

staff did not provide him with prescribed pain medication, he has not tied these allegations to Dr. Meyers, and any such claim does not extend to Dr. Meyers as pled.

Finally, to the extent that Plaintiff alleges his medical care was impacted by his placement in segregation, this claim will not proceed for the reasons explained above in the preliminary dismissal section. Plaintiff also cannot proceed on any claims related to the conditions of his cell, because he did not tie these allegations to any individual defendants, as would be required to state a Section 1983 claim.

## MOTION FOR RECRUITMENT OF COUNSEL

Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** at this time without prejudice. There is no constitutional or statutory right to counsel in federal civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In determining whether to recruit counsel, the Court considers two factors. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Plaintiff alleges that he attempted to recruit his own counsel, and he supplied proof of his efforts with his complaint. (Doc. 1, p. 13-17). Nevertheless, it appears that Plaintiff is competent to litigate the case himself at this stage. *See Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); *Santiago v. Walls*, 599 F.3d 749, 761 (7th Cir. 2010). Plaintiff's complaint is concise, and he included documents that appear to be relevant to his claims. Further, at this early stage of the litigation, it is difficult to accurately evaluate the need for the assistance of counsel. *See, e.g.*, *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013)(stating that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel . . . cannot be gauged."). No one has been served in this case, and a discovery schedule has

not been entered. Although the motion is denied at this juncture, Plaintiff may renew his request for counsel, if necessary, as the case progresses.

DISPOSITION

**IT IS HEREBY ORDERED THAT** Claim 1 of the Complaint (Doc. 1) is insufficient to state a claim, so it will be dismissed. Claim 2 will proceed only as to Defendant Meyers. All other claims against all defendants are insufficient, so the Clerk of Court is **DIRECTED** to **TERMINATE** Defendants Anthony Wills, Joshua A. Schoenbeck, Anthony B. Jones, Corey M. Lauer, and the IDOC. Plaintiff's Motion for Recruitment of Counsel (Doc. 2) is **DENIED** without prejudice.

The Clerk of Court is **DIRECTED** to prepare for Defendants Meyers: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendants' place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation

of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than 7 days after a transfer or other change of address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute. *See* FED. R. CIV. PROC. 41(b).

**IT IS SO ORDERED.**

**DATED: March 27, 2023.**

Digitally signed by Judge Sison
Date: 2023.03.27 12:25:08 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed as a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear. As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.