THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS, EAST ST. LOUIS DIVISON

| | |
|---|---|
| JAMES HOUSE, #R43611,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANTHONY WILLS, JOSHUA A. SCHOENBECK, ANTHONY B. JONES, COREY M. LAUER, DR. PERCY MEYERS, IDOC,<br><br>　　　　Defendants. | Case No. 3:22-cv-02316-GCS<br><br>Judge Gilbert C. Sison |

## **DEFENDANT PERCY MYERS, MD'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW Defendant PERCY MEYERS, M.D., by and through his attorneys, CASSIDAY SCHADE LLP, and pursuant to Federal Rule of Civil Procedure 56 and SDIL-LR 7.1, hereby submits his Motion for Summary Judgment, stating as follows:

1.　　James House, an IDOC inmate, filed the instant 42 U.S.C. § 1983 lawsuit on October 6, 2022, alleging that Dr. Meyers was deliberately indifferent to him for denying post-surgical care. (Docs. 1, 13).

2.　　After resolution of the issue of exhaustion, Plaintiff was allowed to proceed on his claim against Dr. Myers. (Doc. 27).

3.　　Summary judgment should be granted if the depositions, affidavits, and other "materials in the record" show "there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(c)(1). A "material fact" is one that affects "the outcome of the suit." *Anderson v. Liberty Lobby, Inc.*, 447 U.S. 242, 248 (1986). An issue of material fact exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* All evidence and reasonable inferences must be viewed in the light most favorable to the non-moving party. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003).

4.      In order to establish an Eighth Amendment claim for deliberate indifference under 42 U.S.C. §1983, a plaintiff must establish (1) plaintiff had an objectively serious medical need; (2) defendant had actual knowledge of the serious medical need but disregarded it; and (3) plaintiff sustained substantial harm from such disregard. *Thomas v. Walton*, 461 F. Supp 2d 786, 793-795 (S.D. Ill. 2006); *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). "Deliberate indifference implies at a minimum actual knowledge of impending harm easily preventable, so that a conscious, culpable refusal to prevent harm can be inferred from the defendant's failure to prevent it." *Thomas*, 461 F. Supp 2d at 793, citing *Duckworth v. Franzen*, 780 F.2d 645, 653 (7th Cir. 1985). Deliberate indifference "is merely a synonym for intentional or criminally reckless conduct." *Id*. Negligence, or even gross negligence, does not equate deliberate indifference. *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001); *Johnson v. Doughty, et al.*, 433 F.3d 1001, 1012-1013 (7th Cir. 2006). "Thus, an inadvertent failure to provide adequate medical care does not amount to deliberate indifference." *Thomas*, 461 F. Supp 2d at 793. Additionally, when alleging an unreasonable delay in medical care, Plaintiff must produce "verifying medical evidence in the record to establish the detrimental effect of delay in medical." *Langston*, 100 F.3d at 1240-41 (citation omitted).

5.      Plaintiff cannot set forth any evidence that Dr. Myers was deliberately indifferent to his alleged serious medical needs. Therefore, this Court should grant summary judgment in Defendant's favor. *See Thomas*, 461 F. Supp 2d at 793.

6.      Defendant files concurrently herewith, and incorporate by reference herein, their Memorandum of Law in Support of the Motion.

WHEREFORE, for the above reasons, Defendant PERCY MYERS, M.D. respectfully requests this Honorable Court grant his Motion for Summary Judgment and grant such further relief as deemed appropriate.

          Respectfully submitted,

          CASSIDAY SCHADE LLP

          By: /s/ Nicholas J. Childress
              One of the Attorneys for Defendant, PERCY MYERS, M.D.

Nicholas J. Childress
MO Bar No. 66889
CASSIDAY SCHADE LLP
100 North Broadway, Suite 1580
St. Louis, MO 63102
(314) 241-1377
(314) 241-1320 (Fax)
nchildress@cassiday.com

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion was served via regular mail to the following non-CM-ECF participant at the following address by depositing the same in the U.S. mail located in St. Louis, Missouri, with proper postage prepaid, before the hour of 5:00 p.m., on July 18, 2024. Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct:

**LEGAL MAIL**
James House, #R43611
Pinckneyville Correctional Center
5835 State Route 154
P.O. Box 999
Pinckneyville, IL 62274

                                                        /s/ Nicholas J. Childress

11460854