U. S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

JAMES HOUSE R-43611
    Plaintiff,

-vs-

ANTHONY WILLS et al
    Defendant's.

Scanned at Pinckneyville CC and e-mailed
9/3/24 by CB 7 pages

Case No. 3:22-cv-02316-GCS

---

## PLAINTIFF'S RESPONSE TO DEFENDANT DR. MYERS SUMMARY JUDGMENT

Now comes the Plaintiff James House pro-se Asking this Honorable Court to Deny the Defendant Motion For Summary Judgment. Plaintiff Now States the Following For A Dismissal Here Below:

1. Plaintiff asserts that on April 01, 2022 When He returned to Menard C.C. from his laparoscopic hernia repair surgery....

2. Upon His return the Post-Opertive diagnosis an incarcenated direct right inguinal hernia, Their was No Physician on duty. At Menard C.C. to conduct an Intake, So the Medical staff contacted Dr. Myers by phone outside of the Prison According to that staff, they were given direction by Dr. Myers that they should follow the protocal. And the direction given by the surgeon that preformed the surgery.

3. Before I left the outside hospital I was told that I would be monitor by the Medical staff at Menard c.c. But upon my return i was told that there was No Bed space 'In the Health care. According to the staff they called Dr, Myers back and was told that They had to send me back to the unit-houseing.

4. Plaintiff informed the staff that he was in North-2 cell house, segregation on the 8th gallery, and that the sergeon had told him not to do any stairs or strainest work or movement. Until the surgery had healed correctly. And after I was re-evaluated by a doctor.

1 of 3

5. Plaintiff asked the medical staff to call Dr. Myers back and let him know that He could not do the stairs or even walk the distant to North-2 Cell-house and that even the van ride back to the Institution had cause pain every time it hit a bump in the road.

6. Plaintiff also made the staff aware that they knew that there was No Medical Staff on duty in North-2 after 3:00pm And if he had a medical emergency He would not be seen until the 7-3 shift the next day. And it was common knowledge that the staff in North-2 would not bring inmates to the Health care after 3:00pm Because a lot of inmates faked sickness just to get out out of segregation unit.

7. Plaintiff assert that even the Writ officer who return with him to Menard said He found it strange that they would make me walk up stairs after a surgery. He told me if I wrote a grievance He would testify that I was in pain the whole ride back from the hospital And that the sergeon had said to stay off my feet until i had healed. If the Correctional officer was contact He would give testimony that The treatment I recieved upon my return was not the standard procedure of the Medical Staff.

9.

## JUDICIAL NOTICE

The 6th Cir. (2010). Court found in Jones v. Muskegon County, 625 F.3d 935, 945 (6t cir. 2010). Generally, Court find deliberate indifference where there is evidence tending to establish that the physician is present while the inmate is in distress that Distress is communicated to the physician and the physician purposefully ignore the distress know that an adverse outcome is likely to occur.

10. Being placed in a Cell-House on the 8th gallery and having to walk the long distant to get to that unit and be- subjected to no medical staff until the next day is an Adverse outcome waiting to Happen.

11. The Sergeon had sent A Post-Opp package back with the writ officer who had Transported the Plaintiff To and From the Hospital.

12. By choosing to rely upon a medical opinon which a reasonable person would likely determining to be inferiory the prison official took action which amount to the denial of medical treatment and the unneccessary and unwanted infliction of pain. See Hamilton v. Endell, 981 F 2d 1062, 1067 (9th cir. 1992)

13. The (7th Cir 2018) Found that absence of Treatment is equally actionable whether the Inmate suffer physical or psychological. Mitchell V. Kallas, 895 F. 3d. 492,499. (7thcir.2018)

14. Plaintiff assert that as in Zaya V. Soop, 836 F.3d 800,805 (7thcir.2016 A Fact finder may conclude that a Prison official knew of a substantial risk from the very fact that risk was obvious, Here

15. Plaintiff has attached an Affidavit from a License Professional Nurse who STATED common practice of following a surgery. including the surgery of the Plaintiff.

## CONCLUSION

Wherefore Dileberate Indifference requires Knowledge and disregard if there is No direct evidence of knowingly disregard there must be at lease enough evidence for a Jury to draw an inference to the effect, Here the fact was there for the Physician was both aware of facts which inference could be drawn that substantial risk of serious harm exist being that Plaintiff had only just return from surgery

## ADDITIONAL FACTS

Had Defendant provided the Plaintiff the Neccessary Production of Document During the Interlocutory. Those record would have shown that the following day 3 Inmates were Dis-Charged from the Infirmary By Dr. Myers ...Had Dr. Myers conduct His official duty this infomation was readily available and those Individual could have been dis-charged to make Room for the Plaintiff returning from a New Surgery With the actual knowledge of impending harm, easily preventable and yet failed to take step's that would have easily prevented harm. See Zingg V. Grobleski, 907, F. 3d. 630,635 (1st Cir 2015)

## EXHIBIT'S ATTACHED

Respectfully Submitted

James House R-43,611

/S/ James House
Pro se litigant...

STATE OF ILLINOIS  )
                   )SS:
COUNTY OF PERRY    )

## A F F I D A V I T

I, <u>James House</u> The Affiant is of sound mind, being First duly sworn upon oath that the following information is True and Correct to the Best of my knowledge:

1. My name is James House I'm presently, incarcerated at Plinckneyville C.C. at 5835 State Route 154 Pinckneyville IL. 62274-3410.....

2. On April 04, 2022, I under went Laparoscopic hernia repair Surgery at an Out-Side Hospital in Carbodale Illinois....

3. After my Surgery on the ride back to Menard C.C. I complained to the Writ, Officer's (The Officer that excorted me to the Hospital) On every Bump and Pot-Hole... They would Hit would cause me Pain...

4. Once I arrived Back to Menard C.C. I informed the Medical staff their that I could Not Walk because of the pain I was In. I requested that I be giving A Wheel-Chair, to try and ease the pain from walking. Just standing was causing me Pain I had shortness of Breath I was Denied a Wheel-chair and was told that Dr. Myers had Recommended that I be sent back to North-2 Cell-House (SEG.) I begged them to call Dr. Myers back and to explain to him that I was in too much pain to walk to North 2 Cell-house which was at lease one(1) City Block and then up to 4 flight of stair's I was still denied a wheel-chair to get to North-2 cellhouse I had collapse at lease twice on the walk to North-2 cellhouse. From the Pain.

5. The Writ's Officer's was (Lt. Ward and Sgt. Ticer) Who excorted Me to and from the Hospital the Day of my Surgery. They were mostly present during my ordeal. After I collapse twice on the walk to North-2 They told me I should file at best My Grievance and if called to testify they would say what happen And how I was Mistreated by the staff.

6. Dr. Myers made a Medical Decision over the Phone with-out having even looked at my medical records or the sergeon order that sent me back to the Prison. He did not follow the normal Medical Procedures to a patient's medical needs.

7. By Dr. Myers Order to send me back to the Cell-House without any special or medical Instructions, it gave the Security Staff the Impression that my medical Need's was Not that Serious And because of his Order I was treated as If I was Not in any medical needs.

Respectfully Submitted

/S/ _James House_
James House Affiant.

Pursuant to 28USC1746, 18USC1621 or 735ILCS 5/1-109, I declare under penalty of Perjury that I am the Affiant in the Named Affidavit above action that I have read the above document and that the Infomation contained therein is TRUE AND CORRECT to the best of my knowledge and Belief.

09-02-24
DATED:

/S/ _James House_
James House Affiant
5835 state route 154
Pinckneyville IL. 62274-3410

2 of 2

## IN THE CIRCUIT COURT

## Lake County County, Indiana

James House #R46311
**Plaintiff**
-vs-

**Defendant**
Anthony Wills et al

3:22-CV-02316-GCS

(Case ID Number)

## AFFIDAVIT

I, Gaye Toms, of Merrillville, in Lake County County, Indiana, being duly sworn, deposes and affirm upon oath:

**1.** My name is Gaye Toms,
I'm a medical professional who has witnessed numerous of surgeries while working in outpatient care over the years. Patients that undergo anesthesia for any surgeries are to be kept over night or for 24 hours observation. Reason is that most patients experience side affects or a major adverse reactions from the anesthesia and complications after Hernia surgery or any surgery. However, it's learned that James House was immediately sent back to his cell, walking blocks back to the prison, also having to walk up four flights of stairs without any support to alleviate his incision or discomfort. Enduring unnecessary pain are negligence that could have resulted to reopening his surgery site, injuries to nearby tissue and organs and also nerve damage. A physician should have followed post surgical care after 24 hours to make sure that James weren't having any problems or complication's after surgery. Such as blood clots, hemorrhaging, and making sure that an infection did not occur. I am happy to provide this information to help support James with information that's helpful.

Sincerely,
Gaye Toms, RPN

Page 1 of 2

STATE OF INDIANA
COUNTY OF LAKE COUNTY

SUBSCRIBED TO AND SWORN BEFORE ME, this 19th day of August, 2024.

Signature _____ (Seal)
NOTARY PUBLIC
My Commission expires: 2/13/2032

_____ (Signature)

Gaye Toms

KENYARAH WILLIAMS
Notary Public - Seal
Lake County - State of Indiana
Commission Number NP0754564
My Commission Expires Feb 13, 2032



Scanned at Pinckneyville CC and e-mailed

9/3/24 by CB  7 pages
Date    Initials  No.

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS
prisoner.esl@ilsd.uscourts.gov

### ELECTRONIC FILING COVER SHEET

Please complete this form and include it when submitting any type of document, letter, pleading, etc. to the U.S. District Court for the Southern District of Illinois for review and filing.

__James House__          __R43611__
Name                      ID Number

Please answer questions as thoroughly as possible and circle yes or no where indicated.

1. Is this a new civil rights complaint or habeas corpus petition?   Yes or **No**

   If this is a habeas case, please circle the related statute:   28 U.S.C. 2241 or 28 U.S.C. 2254

2. Is this an Amended Complaint or an Amended Habeas Petition?   Yes or **No**

   If yes, please list case number: _____

   If yes, but you do not know the case number mark here: _____

3. Should this document be filed in a pending case?   **Yes** or No

   If yes, please list case number: __22-CV-02316__

   If yes, but you do not know the case number mark here: _____

4. Please list the total number of pages being transmitted: __7__

5. If multiple documents, please identify each document and the number of pages for each document. For example: Motion to Proceed In Forma Pauperis, 6 pages; Complaint, 28 pages.

Name of Document                                        Number of Pages

Plaintiff's Response to Defendant              7
Dr. Myers Summary Judgment
and Affidavits

Please note that discovery requests and responses are NOT to be filed, and should be forwarded to the attorney(s) of record. Discovery materials sent to the Court will be returned unfiled.